

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-26-2002

# USA v. Biedrzycki

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2957

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Biedrzycki" (2002). *2002 Decisions.* Paper 775.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/775

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No: 01-2957

————————

UNITED STATES OF AMERICA


v.


JOHN BIEDRZYCKI,
a/k/a JOHN LESZCZYNSKI,
a/k/a JOHN WILSON

(E. D. Crim. No. 00-cr-00558)

————————


Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 99-cr-00410-1)
District Judge: Honorable William H. Yohn, Jr.,

————————


Submitted Under Third Circuit LAR 34.1(a)
on September 9, 2002


Before: NYGAARD, ROTH
and WEIS, Circuit Judges


(Opinion filed :  November 26, 2002)

---

O P I N I O N

---

ROTH, Circuit Judge:

Pursuant to a plea agreement, defendant John Biedrzycki pled guilty to the following five counts: knowingly making a false statement to a federal firearms licensee, possession of firearms and ammunition by a convicted felon, bank burglary, interstate transportation of stolen property, and conspiracy to distribute marijuana. He was sentenced by the District Court to 164 months imprisonment. The following day, Biedrzycki filed a *pro se* notice of appeal.[1]

Biedrzycki's trial counsel filed an appellate brief pursuant to Anders v. California, 386 U.S. 738 (1967), as counsel was unable to discern any non-frivolous issues which were presented for our review. As required by Anders, counsel directed us to issues and portions of the record that might arguably support an appeal, including jurisdiction of the trial court, validity of the plea, and legality of the sentence. Biedrzycki was also given notice of his attorney's desire to withdraw as required by Anders, thereby allowing Biedrzycki the opportunity to raise any issues for appeal in a *pro se* brief. Id. at 744. Biedrzycki did not file a *pro se* supplemental brief. We have reviewed the record and we agree that there are no non-frivolous issues to be appealed.

Initially, we conclude that the District Court had jurisdiction pursuant to 18 U.S.C. §

---

[1]In his notice of appeal, Biedrzycki stated that the appeal was based "on grounds of Writ of Error Coram Nobis, on Misconduct by Government and Counsel."

3231 and any challenge, based on lack of jurisdiction, would be frivolous.

Further, we find that the District Court complied with all of the mandates of Fed.R.Crim.P. 11 and Boykin in accepting Biedrzycki's guilty plea. See Boykin v. Alabama, 395 U.S. 238, 243 (1969) (stating that a guilty plea must be voluntary and knowingly made to be an effective waiver of a federal constitutional right). Before a district court can accept a defendant's guilty plea, the court must determine "[b]y personally interrogating the defendant...the plea's voluntariness,...[and] develop a more complete record to support [it's] determination..." McCarthy v. United States, 394 U.S. 459, 466 (1969). Here, the district court conducted an appropriate on-record colloquy to ensure that Biedrzycki understood his rights and chose to waive them voluntarily. Further, the District Court determined that there was a factual basis for his guilty plea and found that Biedrzycki understood the charges and penalties involved. We therefore find that the evidence presented comported with the requirements of Rule 11 and Boykin and demonstrated a sufficient factual basis for the plea.

Finally, Biedrzycki's counsel acknowledged that an appeal might challenge the legality of the district court sentence. However, we agree that there is nothing here on which to base any such appeal because the District Court imposed a sentence in the middle of the Sentencing Guideline range.

For the foregoing reasons, we will affirm the judgment of the District Court and we will grant counsel's request to withdraw.

_____

TO THE CLERK:

Please file the foregoing Opinion.

By the Court,

  /s/   Jane R. Roth  
Circuit Judge